SPOONER R. HOWELL v. ALBERT DICKERMAN, CIRCUIT JUDGE OF MUSKEGON COUNTY.

*Attachment—Debt not due—Sufficiency of affidavit.*

1. Act No. 149, Laws of 1889 (3 How. Stat. § 8016*a*), authorizing the issuance of a writ of attachment before the maturity of the debt, is construed as follows:

    *a*—The plaintiff must show reasons for the immediate issuance of the writ, which showing must consist of *facts* within the knowledge of the affiant, and not of mere *conclusions* of fact.

    *b*—The reason for the issuance of the writ must be shown by facts and circumstances so given in detail as to enable the circuit judge to satisfy himself from such facts and circumstances that the writ ought to issue.

    *c*—It will not do for the affiant simply to swear that he *knows* that the defendant has assigned, disposed of, or concealed his property with intent to defraud his creditors, but

the *facts* attending such disposition or concealment of the property must be set forth, and its relative value to that of the remainder of the property owned by the debtor, so that the circuit judge may know something about it as well as the affiant.

*d*—The fact that other creditors have levied upon a portion of the debtor's property, or that he has not sufficient property to pay his debts, will not warrant the issuance of the writ; and the allegation that the plaintiff will lose his debt if the writ is not issued before the debt becomes due is an inference or conclusion of fact for the circuit judge to draw, and not the plaintiff, from the other facts and circumstances set out in the affidavit.

2. The Court decline to pass upon the question of the constitutionality of the act, in view of the limited argument allowed in *mandamus* cases on motion-day.

*Mandamus.*     Submitted November 5, 1891.     Writ granted November 13, 1891.

Relator applied for *mandamus* to compel respondent to quash a writ of attachment. The facts are stated in the opinion.

*Bunker & Carpenter* (*Fletcher & Wanty,* of counsel), for relator.

*Sessions, Soper & Bassett* (*FitzGerald & Barry,* of counsel), for respondent.

PER CURIAM. This is an application for *mandamus* to compel respondent to quash a writ of attachment issued out of the Muskegon circuit court at the suit of D. Victor Webster, plaintiff, against Spooner R. Howell, "doing business under the name and style of S. R. Howell & Co."

It is claimed—

1. That the affidavit for the writ is jurisdictionally defective.

2. That the affidavit shows that the defendant was not a debtor of the plaintiff in said writ at the time the suit was commenced.

3. That the act under which the suit is brought (Act. No. 149, Laws of 1889) is unconstitutional and void.

The affidavit for the writ in full is as follows:

"STATE OF MICHIGAN, } ss.
County of Muskegon. }

"Granger Farwell, of the city of Chicago, county of Cook, and state of Illinois, being duly sworn, deposes and says that he is the agent of, and is authorized to and does make this affidavit for and in behalf of, D. Victor Webster, the plaintiff named in the annexed writ of attachment.

"That Spooner R. Howell, doing business under the name and style of S. R. Howell & Co., the defendant named in said writ of attachment, is justly indebted to the said plaintiff, D. Victor Webster, in the sum of forty-three thousand five hundred ninety-three and sixty-six hundredths dollars ($43,593.66), as near as may be, over and above all legal set-offs, and upon express contract;. that the same is not due, and that the same will become due as follows: That two thousand five hundred eight and thirty one-hundredths dollars ($2,508.30) thereof will become due on the 22d day of July, A. D. 1891; that nineteen hundred eighty and forty one-hundredths dollars ($1,980.40) thereof will become due on the 31st day of July, A. D. 1891; that twenty-one hundred ninety-three and eighty-seven one-hundredths dollars ($2,193.87) thereof will become due on the 4th day of August, A. D. 1891; that five thousand dollars ($5,000) thereof will become due on the 7th day of August, A. D. 1891; that three thousand two hundred twenty-three and eighteen hundredths dollars ($3,223.18) thereof will become due on the 8th day of August, A. D. 1891; that two thousand three hundred eighteen and thirty-nine hundredths dollars ($2,318.39) thereof will become due on the 10th day of August, A. D. 1891;. that two thousand two hundred sixty-one and eighty-five hundredths dollars ($2,261.85) thereof will become due on the 10th day of August, A. D. 1891; that eighteen hundred eighty-three and twenty-nine hundredths dollars ($1,883.29) thereof will become due on the 12th day of August, A. D. 1891; that two thousand two hundred fifty-four and eleven hundredths dollars ($2,254.11) thereof will become due on the 12th day of August, A. D. 1891; that twenty-one hundred seven and sixteen hundredths dollars ($2,107.16) thereof will become due on the 14th day of August, A. D. 1891; that two thousand eight hundred sixty-two and fifty-four hundredths dollars ($2,862.54) thereof will become due on the 18th day of August, A. D. 1891; that two thousand six hundred forty-three and eighteen hundredths dollars ($2,643.18) thereof will become due on the 22d day of August, A. D. 1891; that two thousand six hundred nineteen and three hundredths dollars ($2,619.03) thereof.

will become due on the 27th day of August, A. D. 1891; that two thousand seven hundred forty-one and thirteen hundredths dollars ($2,741.13) thereof will become due on the 2d day of September, A. D. 1891; that.two thousand eight hundred forty-two and twelve hundredths dollars ($2,842.12) thereof will become due on the 16th day of September, A. D. 1891; that four thousand one hundred fifty-five and eleven hundredths dollars ($4,155.11) thereof will become due on the 28th day of September, A. D. 1891.

"And this deponent further says that he knows that the said Spooner R. Howell, as such S. R. Howell & Co., as aforesaid, has assigned, disposed of, and concealed his property with intent to defraud his creditors.

"And deponent further says that he has good reason to believe, and does believe, that the said Spooner R. Howell, as such S. R. Howell & Co., as aforesaid, is about to assign, dispose of, and conceal his property with intent to defraud his creditors.

"And this deponent further says that he knows that the said defendant, Spooner R. Howell, is not a resident of this State, and has not resided therein for three months immediately preceding the time of making this affidavit.

"And this deponent further says that he knows that the said Spooner R. Howell, as such S. R. Howell & Co., on the 14th day of July, A. D. 1891, transferred to the First National Bank of Chicago a very large amount of property, and consisting of his entire ownings in the city of Chicago and in the state of Nebraska.

"And this deponent further says that he knows that the said Spooner R. Howell is in failing circumstances, and that the liabilities and just debts owing by him will far exceed in amount the property owned by him.

"And this deponent further says that attachments aggregating many thousand dollars have been issued out of this court, and have been levied upon property in the county of Muskegon belonging to the said Spooner R. Howell as aforesaid.

"And deponent further says that the said plaintiff, D. Victor Webster, will lose the entire amount of his debt or claim against the said Spooner R. Howell unless a writ of attachment be issued out of this court, and be proceeded with against the goods and chattels, money and effects, lands and tenements, of the said defendant, Spooner R. Howell, as such S. R. Howell & Co., in favor of the said plaintiff, D. Victor Webster.

"And this deponent further says that all of the indebtedness mentioned in this affidavit is owing upon a promissory note made by Western Mercantile Co., indorsed and guaranteed by said Spooner R. Howell, as such S. R. Howell & Co., and also upon certain drafts and acceptances made in part by Howell, Jewett & Co., and indorsed and guaranteed by said Spooner R. Howell, as

such S. R. Howell & Co., and in part made by said Spooner R. Howell, as such S. R. Howell & Co., and indorsed and guaranteed by said Spooner R. Howell, as such S. R. Howell & Co.; and further deponent says not."

We think the affidavit defective. We said in *Newman v. Kent Circuit Judge*,[1] that the "analogies of practice in cases under the fraudulent debtors' act and in injunction cases are applicable to proceedings under this statute." We did not pass upon the constitutionality of the statute at that time, as the writ was dismissed for want of a proper affidavit. The statute[2] is an amendment to the chapter relating to proceedings against debtors in attachment, and is as follows:

"Sec. 32.   Whenever the plaintiff shall be entitled to a writ of attachment by virtue of sections one and two of this act, except that the debt owing to him by the debtor is not due, he may begin and prosecute his suit by attachment, by complying with the provisions of this act: *Provided,* however, that, before any such writ of attachment shall issue, the plaintiff, or some person in his behalf, shall make an affidavit, in compliance with section two of this act, except that, instead of stating such indebtedness is due, such affidavit shall state when the same will become due, and show reasons for the immediate issuance of said writ to the satisfaction of a circuit judge, and obtain his order indorsed on such affidavit that such writ may issue and be proceeded with; and no other or further affidavit shall be required; and said lien so created shall continue until the final decision in said cause, unless otherwise discharged: *Provided,* further, no judgment shall be taken upon such indebtedness until the same shall have matured by the terms thereof."

The plaintiff must "show reasons for the immediate issuance of the writ." Such showing must consist of facts within the knowledge of the affiant, and not mere conclusions of fact. The affidavit of exigency in this

---

[1] This was a *mandamus* case, in which no opinion was filed, decided January 28, 1890.
[2] Act No. 149, Laws of 1889 (3 How. Stat. § 8016a.)

case, if it should be considered as embracing all the allegations in the affidavit, shows—

1. That affiant knows that Howell has assigned, disposed of, and concealed his property with intent to defraud his creditors.

2. That affiant is informed and believes that he is about to do the same thing.

3. That he knows Howell is a non-resident of the State, and has not resided therein for three months immediately preceding the making of the affidavit.

4. That he knows that Howell on July 14, 1891, transferred to the First National Bank of Chicago a very large amount of property, consisting of his entire ownings in the city of Chicago and state of Nebraska.

5. That he knows that Howell is in failing circumstances, and that the liabilities and just debts owing by him will far exceed in amount the property owned by him.

6. That attachments aggregating many thousand dollars have been issued out of the Muskegon circuit court, and levied upon property in Muskegon county, belonging to said Howell.

7. That the plaintiff, said D. Victor Webster, will lose the entire amount of his debt against said Howell unless the writ is issued.

Not a single fact is given in detail, but everything is sworn to in general terms. It is not stated what property, or how much of his property, he has assigned, disposed of, or concealed, or in what manner he has done so, with intent to defraud his creditors. The second allegation cannot be considered, as it is on belief. It is not stated whether he has any property outside of Chicago, Nebraska, and Muskegon county; nor how much he disposed of in the two former places; nor that it was disposed of without good consideration, or with intent to defraud his creditors. For aught that appears in the affidavit, he may have had plenty of assets in other places, which might be reached by process after these debts, or some of them, became due. The value of the

property levied upon in Muskegon is not stated, or that all of it has been so levied upon, or will be by other creditors in case the writ is not issued before plaintiff's claim is due. All that the court can gather from such an affidavit is that the affiant knows the general allegations therein set forth, without the statement of any facts or circumstances upon which his knowledge is based.

The affidavit would have been sufficient to obtain a writ of attachment if the debt had been due; but, in order to avail himself of the most extraordinary remedy given by this statute, the reason for its issue must be shown by facts and circumstances so given in detail that the circuit judge can satisfy himself from such facts and circumstances that the writ ought to issue. It will not do for the affiant simply to swear that he knows that the defendant in the suit has assigned, disposed of, or concealed his property with intent to defraud his creditors. The facts attending such disposition or concealment of the property must be set forth, and its relation as to value to the remainder of the property owned by the debtor, so that the court may know something about it as well as the affiant.

The property in Chicago and Nebraska may have been transferred in payment of just debts, or as security for such payment. If so, such transfer would be no ground for an attachment, even if the debts were due. The fact that property in Muskegon had been levied upon by other creditors is no ground for the plaintiff's attachment. The fact that Howell. had not property enough to pay his debts would not warrant an attachment. The allegation that the plaintiff will lose his debt if the writ is not issued before such debt becomes due is an inference or conclusion of fact for the court

to draw, and not the plaintiff, from the other facts and circumstances set out in the affidavit.

We are not inclined to point out any further than we may have already done what an affidavit, under this statute, should contain in order to be effectual to procure a writ. Suffice it to say that the affidavit before us is barren of any substantial reasons for the issue of a writ of attachment before the debt has become due, and that, if such an affidavit should be held sufficient, it would be comparatively as easy to obtain an attachment before the debt was due as afterwards, and the creditor would have the debtor at his mercy at any time after the debt was made, though by his contract for a good consideration he had solemnly agreed that the debt need not be paid or the debtor harassed until the expiration of a fixed period.

We do not think it desirable to pass upon the constitutionality of the statute, considering the limited argument allowed in *mandamus* cases upon motion-day. It is a grave question, demanding more time for the presentation of the views of counsel and the consideration of the Court than is at hand upon this motion.

The writ of attachment must be quashed for the reasons stated, with costs to defendant, and the circuit judge is so advised and commanded.

*Mandamus* will issue as prayed.